Charles H. Wilcox, Appellee, v. J. Elliott Jennings et al., Appellants.

Appeal of Anna L. Berkowitz.

Gen. No. 16,354.

INJUNCTIONS—*when appropriate to restrain action at law.* If the bill of complaint shows that an accounting with respect to the subject-matter is essential and that a multiplicity of suits will be avoided by equity taking jurisdiction, an injunction restraining an attachment suit will be sustained; and the fact that the attachment creditor, through his diligence, may be entitled to preference over other creditors interested in the subject-matter of the litigation is

immaterial, as equity follows the law and can preserve to such creditor the advantage of his diligence if he is entitled thereto.

Bill for injunction. Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed March 31, 1910.

ELMER H. ADAMS, DWIGHT S. BOBB, and ASA G. ADAMS, for appellant.

FELSENTHAL, FOREMAN & BECKWITH, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from an interlocutory order denying the motion of appellant to dissolve the temporary injunction issued on notice to all the parties in interest after a hearing before a master, who recommended the chancellor to grant the writ.

With the merits of the cause and the ultimate rights of the parties we are not concerned at this time. All these matters have been more or less presented in argument, but in the condition in which we find the record the only questions pertinent to our decision is, does the bill state a case of which equity should take cognizance, and is the injunctional order providently issued within the discretion reposed by the law in such cases in a chancellor.

Wilcox, who filed the bill, made a contract with the defendant, Jennings, to purchase 100 shares of the stock of the Jennings Real Estate and Trust Company, and to pay therefor $90,000 in certain installments. The contract contained *inter alia* a provision that if Wilcox discovered upon an investigation that the assets of the Jennings Company were not worth full par value, then Wilcox and Jennings were to stand the loss in equal parts. In the third paragraph of the contract "second part" is inserted where "first part," it is said, was intended. The bill avers that Jennings assigned this contract to the defendant Cal-

ifornia Real Estate Loan Company; that the name of
the Jennings Company has been changed to the United
States Trust Company; that by a resolution of the
stockholders Ira M. Cobe and John W. McKinnon
were appointed to liquidate its affairs; that appellant
started and is maintaining in the Municipal Court of
Chicago an attachment suit against the California
Real Estate Loan Company, and that complainant
Wilcox was in that suit summoned as garnishee, and
that the cause is still pending and the issues unde-
termined in the Municipal Court. The bill prays that
the contract of sale above referred to between Wilcox
and Jennings be reformed in the particulars above set
out, that an accounting be had between certain of the
parties, that the defendants having claims may inter-
plead, so that the amount due them may be ascer-
tained, and for an injunction restraining appellant
from prosecuting her suit in the Municipal Court.

We think it plainly appears from the averments
of the bill, which for this purpose must be taken as ad-
mitted, that an accounting is necessary to be had in
order to determine the amount due under the contract
between Wilcox and Jennings and payable to the Cali-
fornia Real Estate Loan Company, the assignee of
Jennings. This can be more accurately arrived at
through the machinery of a court of chancery than in
the Municipal Court with its restricted powers. A
court of chancery can proceed to hear and adjudicate
upon the rights of all the parties in interest and settle
all the conflicting claims. This cannot be so satis-
factorily done by the Municipal Court in appellant's
attachment suit. Neither can the rights of all the
claimants be conserved in the latter tribunal. Unless
a court of equity takes jurisdiction a multiplicity of
suits will necessarily arise in disposing of the rights
of the several claimants to the amount due under the
Wilcox-Jennings contract, and the taking of proof in
a court of law to establish the amount due under it, to
say the least, may be fraught with much difficulty.
On the question of accounting and to prevent a mul-

tiplicity of suits, if for no other reason, we think a court of chancery may assume jurisdiction. But it is argued that appellant may be deprived of the advantage inuring to her from having been the first claimant to sue for the fund, and that as a diligent creditor she is entitled to the preference which the law accords for her diligence. Be this as it may, we see no reason why a court of equity cannot preserve to appellant whatever preference she may have gained by her diligence in commencing the attachment suit. Equity follows the law, and if her advantage has been conscionably gained she should be able to maintain it and to enforce it in the chancery cause. We think City of Chicago v. Collins, 175 Ill. 445, and Williamson v. Warfield-Pratt-Howell Co., 136 Ill. App. 168, are authority supporting the contention that in this case the chancellor had the right to take jurisdiction to avoid a multiplicity of suits between the parties having rights under the Wilcox-Jennings contract. It follows that the injunctional order was not improvidently granted and that the chancellor did not err in declining to dissolve the injunction on appellant's motion grounded on a general demurrer which she interposed to the bill.

The interlocutory order of the Circuit Court appealed from is affirmed.

*Affirmed.*